IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RANDY DALE JACKSON, #R8899**                                                **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 3:14-cv-485-HTW-LRA**

**WILLIAM L. WALLER**                                                       **DEFENDANT**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Randy Dale Jackson, an inmate of the Mississippi Department of Corrections (MDOC), brings this *pro se* civil rights Complaint claiming his constitutional rights have been violated.[1] The named Defendant is William L. Waller, Chief Justice of the Mississippi Supreme Court. Upon liberal review of the Complaint and Response, the Court has reached the following conclusions.

**I.**      **Background**

Jackson is currently serving a sentence of life imprisonment for a state murder conviction. *See Jackson v. State*, 784 So. 2d 180 (Miss. 2001). His conviction and sentence were affirmed by the Mississippi Supreme Court on May 3, 2001. *Id*. Jackson complains about an Order entered on May 15, 2014, by Justice Waller in *Jackson v. State*, No. 2008-M-01508.[2] In that case, the Mississippi Supreme Court denied Jackson's application for post-conviction collateral relief on September 30, 2008. The complained of Order, entered on May 15, 2014, denies Jackson's "Motion Proposing Adoption Amendment of Rule of Court and Rules Governing the Practice of Law." *See* Attach. to Compl. [1-1]. Jackson complains that the entry of this Order is "discrimination" and a "violation of clearly established law." Compl. [1] at 4, 6.

---

[1] Plaintiff's request to proceed *in forma pauperis* was granted on July 24, 2014.

[2] Jackson has attached a copy of the Order to his Complaint, it is filed as Document #1-1.

In his Complaint, under the heading "relief sought," Jackson states that he is requesting relief under Rule 60(b) of the Federal Rules of Civil Procedure. *Id.* at 7.

After review of the Complaint, this Court entered an Order [6] directing Jackson to file a written response to state the specific relief he is requesting in this case. In his Response, Jackson states, "RELIEF: vacate or set aside 1999 jury trial, partial resulting in wrongful guilty verdict for murder and permit Plaintiff to plead guilty to lesser included offense as for accepting his responsibility, allow re-sentencing to a 20 year term to serve . . . or discharge Plaintiff from MDOC custody [sic]." Resp. [9] at 1.

## II.     Analysis

The Court first must determine whether Jackson has properly brought this action as a civil rights complaint. Although Jackson states that he is invoking this Court's jurisdiction under 42 U.S.C. § 1981 and § 1985, for a violation of his constitutional rights to due process and equal protection, he is challenging the duration of his confinement and seeking an accelerated release from incarceration. Habeas corpus provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of his confinement and seeking a speedier or immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Jackson must pursue claims that affect his "eligibility for, or entitlement to, accelerated release" through habeas corpus. *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994) (citing *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987)); *see also Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)(release from incarceration is not available as relief in a suit filed pursuant to § 1983).

The Court finds that Jackson is challenging the duration of his incarceration and he is

clearly seeking an accelerated release from incarceration.  Since the claims presented in this case are a "challenge to the fact or duration of a prisoner's confinement," they are "properly treated as a habeas corpus matter."  *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983);  *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(internal quotations omitted)(finding a "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement").  Therefore, Jackson must pursue these claims in a habeas corpus petition.

This Court finds, however, that Jackson's claims, if presented in a habeas corpus petition, would be deemed successive within the meaning of 28 U.S.C. § 2244(b)(3)(A).  Jackson previously litigated a petition for habeas relief in this Court, challenging his murder conviction and sentence of life imprisonment.  *See Jackson v. Epps*, No. 3:03-cv-270-WHB (S.D. Miss. Apr. 22, 2004)(dismissing § 2254 habeas petition with prejudice).  A petitioner who files a second or successive motion for habeas relief first must apply to the appropriate court of appeals for an order authorizing the district court to consider the successive motion. 28 U.S.C. § 2244(b)(3)(A).  Jackson has not demonstrated that he has obtained the required authorization from the United States Court of Appeals for the Fifth Circuit to file these claims in a successive petition.[3]

## III.   Conclusion

As discussed above, Jackson may only pursue his claims for an accelerated or immediate release from incarceration in a habeas corpus petition.  This Court may not consider the habeas claims presented in this case because they are deemed to be successive and Jackson has not

---

[3] The Court notes that at least three prior attempts by Jackson to proceed with successive habeas petitions have been denied by the Fifth Circuit.  *See In re Jackson*, No. 09-60338 (5th Cir. July 23, 2009)(citing *In re Jackson*, No. 07-60967 (5th Cir. Jan. 29, 2008);  *In re Jackson*, No. 05-61007 (5th Cir. Feb. 9, 2006)).

demonstrated that he has authorization from the Fifth Circuit to pursue these claims in a successive habeas petition. As such, this case as a civil rights complaint is dismissed with prejudice and as a habeas corpus petition it is dismissed without prejudice. To the extent it is applicable, a Certificate of Appealability should not issue because Jackson has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253.

SO ORDERED AND ADJUDGED this the 19th day of August, 2014.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE